IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY BROOKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17−cv−0515−NJR |
| MICHAEL WILLIAMS and JEFFERY DENNISON, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

The Court previously ordered Plaintiff to show cause why this case should not be dismissed as duplicative of Case No. 16-cv-966-MJR-SCW ("16-966"). (Doc. 7). Plaintiff was directed to show cause no later than September 5, 2017. (Doc. 7). Plaintiff has not filed anything since that time.

As pointed out in the prior Order, Plaintiff alleges that his rights under the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment, the Equal Protection Clause of the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") have been violated by the Defendants' refusal to permit him to celebrate the Rastafari Sabbath on Fridays and Saturdays. (Doc. 1, p. 5). Plaintiff seeks injunctive relief and monetary damages. *Id.*

In comparison, the Screening Order in 16-966 specifically allowed a claim to proceed that Plaintiff was denied access to Rastafari Sabbath Service in violation of the Free Exercise Clause of the First Amendment and RLUIPA. (16-966, Doc. 5, p. 3). That order also found that Plaintiff had stated claims pursuant to the Establishment Clause of the First Amendment and the

1

Equal Protection Clause of the Fourteenth Amendment, theories also raised in this case. (16-966, Doc. 5, pp. 6-7).

## Discussion

Federal courts may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in . . . federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The determination is discretionary, and district courts are given latitude to exercise that discretion, but generally, a suit will be considered duplicative if the claims, parties, and relief requested do not significantly vary between the actions. *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012).

As the Court previously noted, this suit is almost an exact duplicate of Plaintiff's earlier suit. Case No. 16-966 brings claims against Michael Williams, the Chaplain of Shawnee and the Warden; this suit names Chaplain Williams and Jeffrey Dennison, the current Warden of Shawnee. The parties are identical between the suits. Additionally, Plaintiff has raised identical claims in this suit regarding his right to celebrate the Rastafarian Sabbath on Fridays and Saturdays pursuant to the First and Fourteenth Amendments, and RLUIPA. The only difference the Court can find is that Plaintiff did not request monetary damages in Case No. 16-966, but that is easily cured by amendment, and Federal Rule of Civil Procedure 54(c) specifically authorizes a court to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." As Plaintiff has not contested the Court's prior discussion of the similarities between the lawsuits or provided any other reason why this case should not be dismissed, the Court will dismiss this suit without prejudice as duplicative of Case No. 16-966.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** as duplicative of Case No. 16-966. Judgment will enter, and the Clerk of Court is **DIRECTED** to close the case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  September 13, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**